PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW           WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

KANNON K. SHANMUGAM

TELEPHONE    (202) 223-7325
FACSIMILE    (202) 204-7397
E-MAIL: kshanmugam@paulweiss.com

August 1, 2022

**BY ELECTRONIC FILING**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *State of Connecticut* v. *Exxon Mobil Corp.*, No. 21-1446

Dear Ms. Wolfe:

Pursuant to Federal Rule of Appellate Procedure 28(j), appellant writes in response to appellee's letter regarding *City & County of Honolulu* v. *Sunoco LP*, 2022 WL 2525427 (9th Cir. July 7, 2022). The Ninth Circuit erred by rejecting removal on federal-officer and OCSLA grounds, relying largely on the erroneous reasoning in its decision in *San Mateo* v. *Chevron Corp.*, 32 F.4th 733 (2022), which appellant has already addressed. *See* Dkt. 144.

With respect to federal-officer removal: the Ninth Circuit held (Op. 12-16) that four of the activities defendants cited as being federally directed failed to satisfying the "acting under" requirement. But it did so only by adopting a cramped view of the federal-officer removal statute, contrary to the Supreme Court's repeated instructions. *See* Br. of Appellant 37. As to the other two factual bases for removal— the production of military jet fuel and products to support the military in World War II—the court concluded (Op. 12, 17-18) only that defendants failed to plead a colorable federal defense. But on that point, the Ninth Circuit failed to recognize that notices of removal are to be construed liberally, like a complaint, with the court crediting the defendant's theory of the case. *See* Br. of Appellant 37, 43. A removing defendant need only raise a plausible federal defense and need not establish that the defense is meritorious at the point of removal. *See id.* at 43.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

With respect to OCSLA: the Ninth Circuit departed from the statutory text in analyzing the nexus between the plaintiffs' claims and the defendants' operations on the outer continental shelf. OCSLA authorizes federal jurisdiction over actions "arising out of, or in connection with," operations on the shelf, but the court read that broad language to require "*more than* 'but-for' causation." Op. 20 (emphasis added). Even under that erroneous interpretation, however, the requisite nexus is present, because appellee seeks to recover for alleged harm from climate change in Connecticut. *See* Br. of Appellant 45. A considerable amount of fossil fuels stem from products extracted from the outer continental shelf. *See id.* at 45-46.

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam

cc:      All counsel of record (via electronic filing)