PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

KANNON K. SHANMUGAM

TELEPHONE   (202) 223-7325
FACSIMILE   (202) 204-7397

E-MAIL:  kshanmugam@paulweiss.com

August 31, 2022

**BY ELECTRONIC FILING**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *State of Connecticut* v. *Exxon Mobil Corp.*, No. 21-1446

Dear Ms. Wolfe:

Pursuant to Federal Rule of Appellate Procedure 28(j), appellant writes in response to appellee's letter regarding *City of Hoboken* v. *Chevron Corp.*, 2022 WL 3440653 (3d Cir. Aug. 17, 2022).

The Third Circuit did not address whether defendants' claims actually arose under federal common law. *See* Op. 24-25. Rather, it treated defendants' invocation of federal common law as an ordinary preemption defense that could not support removal under the well-pleaded complaint rule. *See id.* But appellant does not invoke federal common law as a defense; it contends that federal common law necessarily and exclusively supplies the substantive law for claims seeking redress for climate-related injuries. *See* Reply Br. 9. Decisions from both this Court and the Supreme Court establish that a plaintiff may not defeat removal by artfully pleading state-law claims to omit necessary federal questions. *See* Br. of Appellant 25-27; *see also id.* at 20-23.

The Third Circuit also held (Op. 23, 25) that *statutory* complete preemption provides the only doctrinal basis to remove federal claims labeled as arising under state law. But the Supreme Court has never so held, *see* Reply Br. 11-12, and distinguishing between statutory claims and claims necessarily and exclusively governed by federal common law would lead to bizarre results. Because the latter

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

claims would proceed in state court, state judges would develop the substantive content of federal common law, subject only to review by the Supreme Court. Through artful pleading and venue selection, plaintiffs could prevent the federal judiciary from developing federal common law in areas implicating uniquely federal interests.

With respect to *Grable* jurisdiction: the Third Circuit's analysis is flawed because it rests on the same fiction that federal common law supplies only an ordinary preemption defense. *See* Op. 26. Because federal common law in fact provides the substantive rules governing the elements of appellee's claims, resolving those claims necessarily requires the resolution of substantial federal questions. *See* Br. of Appellant 30-31.

The Third Circuit's holdings on jurisdiction under OCSLA and the federal-officer removal statute are erroneous for the reasons explained in appellant's briefing. *See* Br. of Appellant 36-47.

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam

cc: All counsel of record (via electronic filing)